IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MACARIO FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-2273-N |
| | § | |
| BAC HOME LOANS SERVICING, L.P., | § | |
| and FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION, a/k/a FANNIE MAE, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendants BAC Home Loans Servicing, L.P. ("BAC") and Federal National Mortgage Association's ("Fannie Mae") motion to dismiss [6]. Because Plaintiff Macario Flores fails to state a claim on which the Court can grant relief for his trespass to try title and quiet title claims, the Court grants Defendants' motion to dismiss these claims. The Court also denies Flores' request for declaratory relief. However, the Court does not dismiss Flores' Texas Debt Collection Practices Act ("DCPA"), TEX. FIN. CODE § 392.001, *et seq.*, claim.

### I. ORIGINS OF THE MOTION TO DISMISS

This case concerns real property and a related mortgage. On April 6, 2007, Flores made a first-lien promissory note to obtain a loan from Bank of America, N.A. ("BoA") in the amount of $138,750.00. Pl.'s Original Pet. 3 [1-1]. To secure payment of the note, Flores executed a first-lien deed of trust for the benefit of BoA. Sometime later, BAC

claimed to be the holder and owner of the note and deed of trust, or at least the entity entitled to collect on the note and enforce the deed. On or about April 5, 2011, BAC, acting through a purported substitute trustee, allegedly conducted a nonjudicial foreclosure sale of the property. A substitute trustee's deed purported to convey the property to Fannie Mae following foreclosure. *Id.*

Flores subsequently brought suit in state court, alleging that BAC and its substitute trustee did not have standing or the legal right to declare the note in default, accelerate the maturity of the note, or foreclose on the property because BAC neither owned the note and deed nor was authorized or entitled to collect on the note or enforce the deed. *Id.* at 3-4. In support of this contention, Flores avers first that the assignment of the note and deed from BoA to BAC was invalid because the instruments were not "lawfully and timely indorsed, transferred, and assigned" to BAC. He also alleges that, after he made the note and executed the deed, the note and deed were split and separated, with one party holding the note and one party holding the deed. *Id.* at 4. Because of this split, he alleges, the note became unsecured and the party holding the deed could not experience a default and forfeited its security interest in the property. *Id.*

Finally, Flores claims that BAC represented to him that he was eligible for the Home Affordable Modification Program (HAMP) and that BAC would approve Flores for a loan modification through HAMP. *Id.* BAC allegedly further represented to Flores that, during the HAMP process, he did not need to make monthly payments on the note and that BAC would not foreclose on Flores during the HAMP process. However, Flores alleges that BAC

failed to complete the HAMP modification, and BAC instead foreclosed on April 5, 2011. *Id.*

Based on these allegations, Flores requests (1) a determination that he has superior title to the property under his trespass to try title and quiet title claims; (2) that the Court set aside the foreclosure and cancel the substitute trustee's deed; (3) declaratory relief; and (4) injunctive relief preventing eviction, but only if the state court handling the eviction fails to abate Fannie Mae's forcible entry and detainer proceedings.[1]  *Id.* at 4-8.  Flores also claims that BAC and Fannie Mae violated DCPA.  *Id.* at 7.

## II. MOTION TO DISMISS STANDARD

To decide a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  According to the Supreme Court, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face" – i.e., "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or

---

[1]Fannie Mae has filed a forcible entry and detainer action in the Justice Court of Dallas County, Texas, seeking to evict Flores and any other tenants from the property at issue.  *See* Pl.'s Original Pet. 3.  Flores seeks injunctive relief preventing Fannie Mae from "obtaining the issuance of service, or causing the issuing of service, of a Writ of Possession in the Forcible Detainer action," *id.* at 8, but "only if the [state court] should proceed with the Forcible Detainer Action," *id.* at 7.  However, the Court has insufficient information regarding whether Fannie Mae has proceeded with its forcible entry and detainer action to rule on Flores' request for an injunction preventing eviction *only if* the state court fails to abate Fannie Mae's proceedings.  *See id.* at 7.  Moreover, "[i]njunctive relief is an equitable remedy, not an independent cause of action."  *Excel Mktg. Solutions, Inc. v. Direct Fin. Solutions, LLC*, 2011 WL 1833022, at *4 (N.D. Tex. 2011) (Fitzwater, C.J.) (citation omitted).  Flores may move for a preliminary injunction should he choose.

element]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted). In sum, to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989).

In ruling on a Rule 12(b)(6) motion, courts generally limit their review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider certain documents outside of the pleadings if they fall within four limited categories. First, "[a] court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). In addition, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the

plaintiff's claim.'"[2] *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). And finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "[t]he district court took appropriate judicial notice of publically available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### III. THE COURT GRANTS IN PART AND DENIES IN PART DEFENDANTS' MOTION

#### A. Flores Fails to State Claims for Trespass to Try Title and Quiet Title[3]

Flores claims that he "is, has always been, and remains the lawful owner of the Property . . . and [that] the purported non-judicial foreclosure interferes with [Flores'] ownership interest in the Property." Pl.'s Original Pet. 4-5. A trespass to try title suit "is a procedure by which rival claims to title or right of possession may be adjudicated." *Eskridge*

---

[2]In this case, that includes the deed of trust, the assignment of the deed of trust, and the substitute trustee's deed. *See* Defs.' App. to Defs.' Mot. Dismiss, Deed of Trust, pp. 2-25 [6-3] [hereinafter Deed of Trust]; Defs.' App. to Defs.' Mot. Dismiss, Assignment, pp. 27-28 [6-3] [hereinafter Assignment]; Defs.' App. to Defs.' Mot. Dismiss, Substitute Trustee's Deed, pp. 30-32 [6-3] [hereinafter Substitute Trustee's Deed].

[3]Though Flores requests that the Court set aside the foreclosure sale and cancel the substitute trustee's deed under a separate heading from his trespass to try title and quiet title claims, *see* Pl.'s Original Pet. 4-6, the remedy he seeks is dependent on his trespass to try title and quiet title claims. Accordingly, the Court does not consider Flores' request to set aside the sale and cancel the substitute trustee's deed as a separate cause of action.

*v. Fed. Home Loan Mortg. Corp.*, 2011 WL 2163989, at *4 (W.D. Tex. 2011) (quoting *Yoast v. Yoast*, 649 S.W.2d 289, 292 (Tex. 1983)). "The statute is typically used to clear problems in chains of title or to recover possession of land unlawfully withheld from a rightful owner." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citations omitted).[4] Relatedly, a suit to quiet title is an "equitable action that clears a valid title against a defendant's invalid claim to the property." *James v. Wells Fargo Bank, N.A.*, 2012 WL 778510, at *2 (N.D. Tex. 2012) (Boyle, J.) (citations omitted). "The principal issue in a suit to quiet title is as to the existence of a cloud that equity will remove." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied) (quotation omitted). The purpose of such a suit is to "enable the holder of the feeblest equity right to remove from his way to legal title any unlawful [hindrance]," including "any deed, contract, judgment or other instrument not void on its face that purports to convey any interest in or make any charge upon the land of a true owner, the invalidity of which would require proof." *Id.*

In support of his title claims, Flores alleges that "the purported Substitute Trustee's Deed to the Property asserted an interest in and to the Property which Defendant BAC or its Substitute Trustee could not lawfully convey, and Defendant Fannie Mae could not and did not lawfully acquire. . . ." Pl.'s Original Pet. 4-5. Flores bases this assertion on his theory

---

[4]In Texas, trespass to try title suits have "strict . . . proof requirements." *Martin v. Amerman*, 133 S.W.3d at 265. To prevail on a trespass to try title claim, a plaintiff must rely on the strength of his own title, not the weaknesses of the defendant's title and "(1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Id.* (citing *Plumb v. Stuessy*, 617 S.W.2d 667, 668 (Tex. 1981)).

ORDER – PAGE 6

that the note and deed became invalid when they were "split" and on his contention that the assignments of the deed of trust and note were invalid. The Court thus analyzes these two theories to ascertain whether Flores has stated causes of action for trespass to try title and quiet title.

*1. The Alleged "Split" of the Note and Deed Do Not Extinguish BAC's Foreclosure Rights Under the Deed.* – Flores challenges BAC's standing to foreclose and therefore Fannie Mae's title in the property as conveyed by the foreclosure deed because the note and deed were "split." Pl.'s Original Pet. 4. However, it is unclear from Flores' factual allegations that the note and deed were in fact split – Flores alleges that he executed a note payable to BoA and a deed for the benefit of BoA and that BAC subsequently claimed to be both the holder of the note and owner of the deed. Pl.'s Original Pet. 3. Regardless, courts in this Circuit have resoundingly rejected allegations that foreclosure under a deed is invalid because the note and deed were split between a lender and a beneficiary – the beneficiary usually being Mortgage Electronic Registration Systems, Inc. ("MERS"). *See Swim v. Bank of Am., N.A.*, 2012 WL 170758, at *3 (N.D. Tex. 2012) (Lynn, J.) (collecting cases); *see also, e.g.*, *Woods v. Bank of Am., N.A.*, 2012 WL 1344343, at *5 (N.D. Tex. 2012) (Boyle, J.); *James*, 2012 WL 778510, at *3; *DeFranceschi v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. 2011) (Means, J.); *Richardson v. CitiMortg., Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010). Accordingly, the fact that the note and deed may have been split here does not invalidate the instruments as Flores suggests.

***2. Flores' "Invalid Assignment" Theory Fails.*** – The Court need only consider BoA's assignment of the deed of trust because it is that document which governs BAC's right to foreclose. *See* Deed of Trust, p. 14-15 ("[BoA] shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument [– the deed of trust.] . . . [I]f the default is not cured[,] . . .[BoA] at its option may . . . invoke the power of sale . . . ."). The Western District of Texas has explained:

> Texas law differentiates between enforcement of a promissory note and foreclosure. Foreclosure enforces the deed of trust, not the underlying note. *See Slaughter v. Qualls*, 139 Tex. 340, 346, 162 S.W.2d 671, 675 (1942) (stating that the trustee derives its authority to sell solely from the deed of trust); *Aguero v. Ramirez*, 70 S.W.3d 372, 375 (Tex. App. – Corpus Christi 2002, pet. denied). It is an independent action against the collateral and may be conducted without judicial supervision. *See* TEX. PROP. CODE ANN. § 51.002 (West Supp. 2007); *Tierra Sol Joint Venture v. City of El Paso*, 311 S.W.3d 492, 499 (Tex. App. – El Paso 2009, pet. denied) (nothing that foreclosure is an in rem proceeding). Enforcement of the promissory note, on the other hand, is a personal action against the signatory and requires a judicial proceeding. *See* TEX. BUS. & COM. CODE § 3.401(a); *TrueStar Petroleum Corp. v. Eagle Oil & Gas Corp.*, 323 S.W.3d 316, 319 (Tex. App. – Dallas 2010, no pet.). Furthermore, Texas courts have refused to conflate foreclosure with enforcement of a promissory note. They have stated, "Where there is a debt secured by a note, which is, in turn, secured by a lien, the lien and the note constitute *separate obligations*." *Aguero*, 70 S.W.3d at 374 (emphasis added). The right to recover on the note and the right to foreclose are severable and may be enforced separately. *See Carter v. Gray*, 125 Tex. 219, 221, 81 S.W. 647, 648 (1935).

*Wells v. BAC Home Loans Servicing, L.P.*, 2011 WL 2163987, at *2-3 (W.D. Tex. 2011); *see also, e.g.*, *Hazzard v. Bank of Am., NA*, 2012 WL 2339313, at *3 (S.D. Tex. 2012) ("[S]uccinctly, a qualified mortgagee is not required to also own or hold the note that is associated with a deed of trust in order to properly foreclose the lien." (citing *Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 469-70 (W.D. Tex. 2011)); *Kramer v. Fed. Nat'l*

*Mortg. Ass'n*, 2012 WL 3027990, at \*6 (W.D. Tex. 2012); *Torello v. MERS*, 2012 WL 1888134, at \*3 (N.D. Tex. 2012) (Fish, J.); *Mahlin v. U.S. Bank Nat'l Ass'n*, 2012 WL 2193666, at \*4 (N.D. Tex. 2012) (Kaplan, Mag. J.); *DeFranceschi*, 2011 WL 3875338, at \*4.[5]

---

[5]Flores contends that BAC is "seeking to enforce the Note made payable to [BoA] by declaring a default under the terms of the Note, accelerating the maturity of the Note, appointing a Substitute Trustee under the Deed of Trust securing the Note, and then requesting the Substitute Trustee to conduct a non-judicial foreclosure sale under the Deed of Trust securing the note." Pl.'s Resp. 9 [8]. Flores cites *Blankenship v. Robins*, 899 S.W.2d 236 (Tex. App. – Hous. [14th Dist.] 1994, no writ), *Bean v. Bluebonnet Sav. Bank FSB*, 884 S.W.2d 520 (Tex. App. – Dallas 1994, no writ), and *Leavings v. Mills*, 175 S.W.3d 301 (Tex. App. – Hous. [1st Dist.] 2004, no pet.), for the proposition that to collect on a note, the holder must establish that it is the legal owner and holder of the note. But *Blankenship* and *Bean* are distinguishable because they concern collections under a promissory note and do not address mortgages secured by deeds of trust granting foreclosure rights. *See, e.g., Kan*, 823 F. Supp. 2d at 469-70 (distinguishing *Leavings* and explaining foreclosure procedure under Texas property law).

Cases in this Circuit have repeatedly rejected the contention that a mortgagee "must prove it either owns or holds the note prior to instituting foreclosure," known as "the 'show-me-the-note' theory." *Plummer v. CitiMortg.*, 2012 WL 1438211, at \*5 (N.D. Tex. 2012) (McBryde, J.) (collecting cases); *see also, e.g.*, *Wells*, 2011 WL 2163987, at \*2-3. As the Court explains above, because "[t]he right to recover on the note and the right to foreclose are severable and may be enforced separately," *Wells*, 2011 WL 2163987, at \*2-3 (citing *Carter v. Gray*, 125 Tex. 219, 221, 81 S.W. 647, 648 (1935)), BAC need not prove ownership of the note, or "show Flores the note," to nonjudicially foreclose where the deed of trust grants it the power to foreclose. *But see Martin v. New Century Mortg. Co.*, 2012 WL 2529251, at\* 4-5 (Tex. App. – Hous. [1st Dist.] 2012, no pet. h.) (granting summary judgment to defendants where plaintiffs challenged defendants' standing to foreclose by relying on principles of collection under a note – or Texas commercial paper principles – explaining difference between "holder" of note and "owner" of note and rights under each, and citing inter alia *Leavings*, 175 S.W.3d at 309); *Edwards v. Ocwen Loan Servicing, LLC*, 2012 WL 844396, at \*5 (E.D. Tex. 2012) (holding that mortgagor did not have standing to challenge assignment, but explaining that defendants' uncontroverted summary judgment evidence established defendants' ability to assert claim under note).

Under the Texas Property Code, a mortgagee may enforce a deed of trust through a nonjudicial foreclosure sale either directly or through a mortgage servicer. *See Wells*, 2011 WL 2163987, at *2-3; *Kan*, 823 F. Supp. 2d at 469-70; TEX. PROP. CODE §§ 51.002, 51.0025 (outlining procedure for nonjudicial foreclosure under deed and providing that mortgage servicer may administer a foreclosure on behalf of mortagee). "Rights and interests in a deed of trust can be transferred to other parties." *Torello*, 2012 WL 1888134, at *3 (collecting cases). In cases of assignment, a mortgagee entitled to foreclose includes "the last person to whom the security interest has been assigned of record." TEX. PROP. CODE § 51.0001(4)(c); *Torello*, 2012 WL 1888134, at *3.

Here, Flores pleads that the deed "was not lawfully . . . assigned." Pl.'s Original Pet. 3. But BAC's recorded assignment document reveals that BoA assigned the deed of trust to BAC and recorded the assignment on March 9, 2011. *See* Assignment, p. 27-28. BAC was therefore a mortgagee entitled to foreclose under the deed at the time of foreclosure. Flores alleges neither facts to the contrary nor facts demonstrating how BoA's assignment was faulty or unlawful – other than his conclusory statement that the deed "was not lawfully . . .

assigned." Pl.'s Original Pet. 3.[6] Flores' pleading is thus insufficient under *Twombly* to state a claim for trespass to try title or quiet title based on an invalid assignment.[7]

### *B. The Court Denies Flores' Request for a Declaratory Judgment*

Flores seeks a declaratory judgment supporting the same theories and claims he alleges under his trespass to try title and quiet title claims – specifically, that the Court declare (a) that the note and deed "were not lawfully and timely indorsed, transferred, and assigned," (b) that BAC and the substitute trustee did not have the authority to foreclose, (c) that the foreclosure sale was invalid and the foreclosure void, (d) that the "split" of the note and deed rendered them ineffective, and (e) that Fannie Mae does not now own the property. Pl.'s Original Pet. 6.

---

[6]Flores pleads that the note and deed "were not lawfully and timely indorsed, transferred, and assigned to [BAC] . . . and that [BAC] was [therefore] not authorized or authorized to collect the Note and enforce the Deed of Trust." Pl.'s Original Pet. 3-4. In his response, Flores explains that sections 3.201, 3.203, and 2.304 of the Texas Uniform Commercial Code govern negotiation of the note as a negotiable instrument, Pl.'s Resp. 7-9, thus clarifying his unlawful and untimely indorsement, transfer, and assignment allegations with regard to the note, *see* Pl.'s Original Pet. 3-4. However, it is unclear what defects Flores alleges regarding assignment of the deed, which is instead a contract, as he only pleads that the deed "w[as] not lawfully and timely . . . assigned." *Id.*

[7]Moreover, as Defendants point out, BAC was the mortgage servicer at the time of foreclosure. *See* Substitute Trustee's Deed, p. 30. A mortgage servicer may foreclose under a deed so long as the mortgagee and mortgage servicer meet certain requirements, including (1) that the mortgagee and mortgage servicer have entered into an agreement granting the mortgage servicer authority to foreclose and (2) that the foreclosure notices pursuant to TEX. PROP. CODE § 51.002 "disclose that the mortgage servicer is representing the mortgagee under a servicing agreement with the mortgagee and the name of the mortgagee." TEX. PROP. CODE § 51.0025. Flores again alleges no facts demonstrating that BoA and BAC did not follow the Texas Property Code and that BAC could not foreclose as the mortgage servicer.

The Declaratory Judgment Act ("DJA")[8] is a procedural device; it creates no substantive rights and requires the existence of a justiciable controversy. *Lowe v. Ingalls Shipbldg.*, 723 F.2d 1173, 1179 (5th Cir. 1984); *see Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). "Thus, the Act provides no relief unless there is a justiciable controversy between the parties."[9] *Kazmi v. BAC Home Loans Servicing, L.P.*, 2012 WL 629440, at *15 (E.D. Tex. 2012); *Turner*, 2011 WL 3606688, at *5 (explaining that DJA does not create substantive cause of action; rather, it is "merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law."); *see Bauer v. Tex.*, 341 F.3d 352, 358 (5th Cir. 2003).[10] Because the Court dismisses or rejects each of the underlying claims and theories upon which Flores requests a declaratory judgment, there is no actual controversy between the parties regarding these claims. The Court thus refuses Flores' request that it issue a declaratory judgment. *See, e.g.*, *Olaoye v. Wells Fargo Bank, NA*, 2012 WL 1082307, at *5 n.5 (N.D. Tex. 2012) (Means, J.).

---

[8]Removal from state to federal court, in effect, converts a state court declaratory judgment action into one under the DJA. *See, e.g.*, *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, at *5 n.11 (N.D. Tex. 2011) (Fitzwater, C.J.); *Morrice Logistics, Ltd. v. Intransit Inc.*, 2011 WL 1327397, at *4 n.1 (W.D. Tex. 2011); *i2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929, at *7 n. 5 (N.D. Tex. 2002) (Fish, C.J.) (collecting cases).

[9]The Texas Uniform Declaratory Judgment Act, under which Flores initially pled, is the same in this regard. *See, e.g.*, *Chambers Cty. v. TSP Dev., Ltd.*, 63 S.W.3d 835, 840 (Tex. App. – Hous. [14th Dist.] 2001, pet. denied).

[10]Federal courts have broad discretion to grant or refuse a request for declaratory judgment. *Kazmi*, 2012 WL 629440, at *14 (citing *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991)).

## *C. Flores Successfully States a DCPA Claim*

Flores alleges that BAC's "acts, omissions, and conduct . . . constitute violations of the [DCPA] because [BAC] misrepresented the character, extent, or amount of a debt against a consumer." Pl.'s Original Pet. 7.[11] Flores does not point to specific sections of DCPA that BAC has allegedly violated. But he alleges that BAC represented to him that (1) he was eligible for HAMP, (2) BAC would approve him for a loan modification through HAMP, (3) he need not make monthly payments during the HAMP process, and (4) BAC would not begin foreclosure proceedings against him during the HAMP process. *Id.* at 4.

Defendants identify section 392.304(a)(8) as the DCPA section most relevant to Flores' assertions. Section 392.304(a)(8) provides that, "in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that . . . misrepresent[s] the character, extent, or amount of a consumer debt, or misrepresent[s] the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE § 392.304(a)(8). Defendants are correct that Flores does not allege how BAC misrepresented the character, extent, or amount of his debt and that he thus

---

[11]The Court notes that attempted or actual foreclosure can violate DCPA. *See, e.g.*, *Rey v. Acosta*, 860 S.W.2d 654, 659 (Tex. App. – El Paso 1993, no writ) ("[W]rongful acceleration of a real estate note . . . violates [DCPA] . . . as a matter of law." (citation omitted)); *Swim*, 2012 WL 170758, at *5 (collecting cases); *Wilkerson v. Citimortg., Inc.*, 2011 WL 6937382, at *5-6 (N.D. Tex. 2011) (Toliver, Mag. J.); *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 732 (N.D. Tex. 2011) (Fitzwater, C.J.) ("Based on the statutory definitions and the status of Texas case law, the court makes an *Erie*-guess that DCPA can apply to actions taken in foreclosing on real property.").

does not provide sufficient factual allegations under *Twombly* to state a claim under section 392.304(a)(8).

However, Flores sufficiently states a claim under section 392.304(a)(19), DCPA's "catchall provision." *E.g.*, *Woods*, 2012 WL 1344343, at *7. Under this section, a debt collector may not "us[e] any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE § 392.304(a)(19). "In order for a statement by a party to constitute a misrepresentation under DCPA, Defendant must have made a false or misleading assertion." *Sanghera v. Wells Fargo Bank, N.A.*, 2012 WL 555155, at *9 (N.D. Tex. 2012) (Boyle, J.) (citing *Narvaez*, 757 F. Supp. 2d at 632). Many courts, including this one, have found that plaintiffs successfully state a claim under section 392.304(a)(19) where they allege that a defendant made affirmative statements that it would not foreclose on the property during loan modification discussions. *See, e.g.*, *Obuekwe v. Bank of Am., N.A.*, 2012 WL1388017, at *7 (N.D. Tex. 2012) (Means, J.); *Woods*, 2012 WL 1344343, at *7; *Swim*, 2012 WL 170758, at *6. Because Flores alleges that BAC represented to him that they "would not begin foreclosure proceedings against [Flores] during the HAMP process," Pl.'s Original Pet. 4, the Court finds that Flores has stated a DCPA claim under section 392.304(a)(19) in step with other decisions of this Court.[12]

---

[12]Defendants argue that the statute of frauds bars Flores from asserting any cause of action based on Flores' allegations about BAC's alleged misrepresentations. Defs.' Mot. Dismiss 7-8. Defendants are mistaken. This Court has explained the Texas Statute of Frauds, TEX. BUS. & COM. CODE § 26.02(b), thusly:
> "Texas law does not recognize the validity of oral loan modification agreements in these circumstances." *Water Dynamics*, [*Ltd. v. HSBC Bank USA Nat'l Ass'n*,] 2012 WL 34252, at *4 [(N.D. Tex. 2012) (McBryde, J.)].

## CONCLUSION

The Court dismisses Flores' claims for trespass to try title and quiet title and denies his request for declaratory relief.  However, the Court does not dismiss Flores' DCPA claim.

The Court grants Flores leave to amend his complaint to address the deficiencies that it has identified in this Order.  *See, e.g.*, *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (noting that Fifth Circuit precedent supports the premise that "granting leave to amend is especially appropriate" where district court dismisses plaintiff's complaint for failure to state a claim and explaining that "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"); *Garcia v. Bank of N.Y. Mellon*, 2012 WL 692099, at *4-5 (N.D. Tex. 2012) (Fitzwater, C.J.) (allowing

---

> Rather, a "loan agreement exceeding $50,000 in value must be in writing." *Id.* (citing TEX. BUS. & COM. CODE ANN. § 26.02(b) (West 2012)).  As this Court has noted, "[a] 'loan agreement' includes any promise, agreement, understanding, or commitment pursuant to which any financial institution delays repayment of money or otherwise make[s] a financial accommodation." *Id.* (citing TEX. BUS. COM. CODE ANN. § 26.02(b)).  Therefore, "any agreement to modify the deed of trust and reduce payments on the note must be in writing." *Id.*

*Obuekwe*, 2012 WL 1388017, at *5.  Accordingly, Defendants may be correct that the statute of frauds would bar some causes of action, such as a breach of contract action based on BAC's alleged modification of the contract through its oral representations.  *See, e.g.*, *Edwards*, 2012 WL 844396, at *7 (explaining that statute of frauds rendered plaintiff's alleged oral loan modification promise unenforceable); *Kazmi*, 2012 WL 629440, at *8-9 (same); *Watson v. Citimortg., Inc.*, 814 F. Supp. 2d 726, 732-33 (E.D. Tex. 2011) (same).  However, the statute of frauds does not affect Flores' claim that BAC misrepresented the debt under DCPA.

plaintiffs to amend complaint in foreclosure action). Accordingly, Flores may file an amended complaint within twenty-eight (28) days of the date of this Order.

Signed August 23, 2012.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 16